UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY MYERS,

                      Plaintiff,

      – against –

LIFE ALERT EMERGENCY
RESPONSE, INC.,

                      Defendant.

**OPINION & ORDER**

23-cv-03609 (ER)

RAMOS, D.J.:

        Anthony Myers brought this action against Life Alert Emergency Response, Inc., on April 30, 2023. Doc. 1. He alleged violations of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). *Id.* ¶¶ 35–51.

        Myers has moved for approval of the parties' proposed settlement. Doc. 24. For the reasons set forth below, the motion is GRANTED.

**I.    LEGAL STANDARD**

        In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining

between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (internal quotation marks and citation omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorney fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.  DISCUSSION

### A.  Range of Recovery

In this case, the proposed settlement agreement provides for a total recovery of $30,000.  Doc. 24 at 6.  Myers's counsel will receive attorney fees of $9,841 and reimbursement of $477 in costs.  *Id.* at 7.  Myers will receive $19,682.  *Id.* at 6.

Myers estimates that his maximum recovery in this case would be $10,192.83 in unpaid wages and $10,192.83 in liquidated damages, as well as $10,000 for his wage notice and wage statement claims, for a total of $30,385.66.  *Id.* at 5.  The proposed settlement amount that Myers will receive thus represents approximately 64.8% of his maximum recovery.

The Court finds that the proposed amount is fair and reasonable.  *See Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery).  The settlement will provide value insofar as it allows Myers to receive payment without the risks and delays inherent in litigation.  *See Animucka v. Singer*, No. 20 Civ. 7867 (ER), 2022 WL 16908279, at *2 (S.D.N.Y. Oct. 21, 2022).  According to Myers's motion, Defendant has asserted that Myers was correctly compensated for all hours worked, and the parties dispute whether Myers "received a bona fide meal break for which a deduction from work time was made."  Doc. 24 at 5.

Myers also states that there are "serious litigation risks for both sides" and that "many of the issues are heavily disputed." *Id.* at 6.

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (alteration in original) (citation omitted). Given the aforementioned risks and uncertainties of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Myers. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). And the settlement resulted from arm's length negotiations in which the parties were represented by experienced labor and employment attorneys. Doc. 24 at 6. Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorney Fees & Costs

The Court further concludes that the proposed attorney fees and costs are reasonable. Myers's counsel will receive $10,318 for fees and costs, which is about 34.4% of the total settlement. *Id.* at 7. The amount requested in attorney fees is $9,841, which is one-third of the net settlement amount after deducting litigation costs. *Id.* That percentage is reasonable, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.*

(quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Myers's counsel has submitted billing records for one attorney, Abdul K. Hassan, whose proposed rate is $500 per hour.  Doc. 24 at 6; *see* Doc. 24-3.

The Court finds that Hassan's $500 per hour rate is reasonable.  *See Shaw v. ProCore, LLC*, No. 21 Civ. 3883 (AT), 2023 WL 5048236, at *3 (S.D.N.Y. July 3, 2023) (approving $500 hourly rate for Hassan and noting that "[o]ther courts have found similar rates to be reasonable"); *see also, e.g.*, *Bin Gao v. Jian Song Shi*, No. 18 Civ. 2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several recent decisions had approved hourly rates of $300 to $450 for partners); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although an hourly rate of $450 for partners is "somewhat higher than the presumptively reasonable rates in this District [in 2017], [it is] not beyond the pale"). Hassan's hourly rate is commensurate with similarly experienced senior attorneys in the field.

Counsel's records indicate that Hassan spent a total of 25.37 billable hours on this matter at a $500 hourly rate.  Doc. 24-3.  Counsel's total lodestar, therefore, is $12,685. Counsel seeks a total of $10,318 in attorney fees and costs, $9,841 of which represents attorney fees.  Doc. 24 at 7.  The lodestar of $12,685, compared to the requested $9,841 of the settlement (net of costs) results in a lodestar multiplier (net of costs) of approximately 0.78.  Courts in this District have recognized that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y.

4

2014). Accordingly, the Court accepts the multiplier of 0.78 and concludes that the requested $10,318 in attorney fees and costs is reasonable.[1]

### C. Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions. Doc. 30-1; *see Doe v. Solera Cap. LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Myers's obligations under the agreement, the release appropriately discharges only wage-and-hour claims, claims asserted in this action, and claims arising out of Myers's employment with Defendant. Doc. 30-1 at 2; *see Solera Cap.*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Lopez*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). The agreement contains no non-disparagement or confidentiality provisions. *See generally* Doc. 30-1.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the proposed settlement agreement is fair and reasonable. The request for settlement approval is GRANTED.

---

[1] The requested fees are also consistent with the retainer agreement signed by Myers and his counsel, which provides for a contingency fee that is the greater of (1) one-third of the client's recovery, (2) a reasonable hourly fee multiplied by the hours worked by the attorney, or (3) a separate recovery of fees. Doc. 24-2 at 2; *see, e.g.*, *Caceres v. Brentwood Farmers Mkt., Inc.*, No. 20 Civ. 3476 (AKT), 2021 WL 3276637, at *2 (E.D.N.Y. May 4, 2021) (finding that requested attorney fees were a fair and reasonable reflection of services rendered and were also consistent with the retainer agreement's fee arrangement).

      The Clerk of Court is respectfully directed to terminate the motion, Doc. 24, and close the case.

      It is SO ORDERED.

Dated:    January 5, 2024
           New York, New York

                                                          EDGARDO RAMOS, U.S.D.J.